10-4763-ag
Yu v. Holder

BIA
Nelson, IJ
A099 661 325

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand twelve.

PRESENT:
 JOHN M. WALKER, JR.,
 ROBERT D. SACK,
 REENA RAGGI,
  *Circuit Judges.*

_____

LAN YU,
  *Petitioner,*

 v.                                        10-4763-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:    John Z. Zhang, Esq., New York, New York

FOR RESPONDENT:    Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; John M. McAdams, Jr., Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lan Yu, a native and citizen of China, seeks review of a November 8, 2010, decision of the BIA affirming the April 30, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lan Yu*, No. A099 661 325 (B.I.A. Nov. 8, 2010), *aff'g* No. A099 661 325 (Immig. Ct. N.Y. City Apr. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the inconsistencies between Yu's asylum application and her testimony regarding claimed past persecution, and the insufficient corroboration of her claim that she is a practicing Christian.

As the agency noted, there were discrepancies between Yu's asylum application and her testimony as to how she was treated in detention, how many times she was forced to stand outside in the cold, and the injuries she sustained from being outside in the cold. Yu also testified inconsistently regarding the issuance of the household registration document she presented as evidence. The agency properly relied on the cumulative effect of these inconsistencies to

3

support the adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an IJ may base a credibility determination on "the totality of the circumstances, and all relevant factors"). Moreover, the IJ provided Yu with multiple opportunities to reconcile her testimony and she failed to present reasonable explanations for the discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit an asylum applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact finder to do so).

Finally, Yu failed to provide evidence sufficient to corroborate her claim that she is a practicing Christian, either in China or in the United States, and thus reasonably fears religious persecution in China. When asked why Yu had not provided any evidence to corroborate her claim that she was a practicing Christian in China, such as a letter from her husband, her parents, or any of the other members of her house church who were present when she claims she was arrested, she responded that such letters could not be mailed from China because Chinese officials read all international mail. This explanation did not, however,

4

explain why the only evidence supporting her claim that she is a practicing Christian was a letter from a pastor at her American church indicating that she had joined the church only a month before. The IJ noted that Yu had not asked her pastor to testify and failed to offer a persuasive explanation why. Under these circumstances the agency reasonably relied on Yu's failure to corroborate her claim that she is a practicing Christian to support its adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Therefore, in this case, the totality of the circumstances support the agency's adverse credibility determination, and we will defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Furthermore, because the only evidence of a threat to Yu's life or freedom depended upon the credibility of her claims of past persecution and fear of future persecution, the adverse credibility determination in this case is dispositive of her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d

148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

    For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk